UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

KEVIN WAYNE EDWARDS,

                    Petitioner,

v.                                    No.  5:23-CV-00061-H

MARSHA MCLANE, DIRECTOR,
TEXAS CIVIL COMMITMENT
OFFICE,

                    Respondent.

**OPINION AND ORDER**

In this 28 U.S.C. § 2254 habeas petition, Petitioner Kevin Wayne Edwards, a civil detainee proceeding pro se, challenges the legality of his confinement in the Texas Civil Commitment Center. Dkt. No. 11. Respondent has not filed an answer. However, after reviewing Edwards's petition, the Court concludes that it must be dismissed as untimely.[1]

**1.    Background[2]**

On October 24, 2013, a Texas jury found that Edwards was a "sexually violent predator" under Texas Health & Safety Code § 841.003. The trial court entered a final judgment on the jury verdict and an order civilly committing Edwards to outpatient treatment and supervision.

Edwards appealed the trial court's judgment and order of civil commitment. On September 4, 2014, the Court of Appeals for the Ninth District of Texas affirmed both. *See In re*

---

[1] District courts have authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to raise the statute of limitations defense sua sponte and dismiss frivolous habeas petitions before any answer or other pleading by the state. *See Kiser v. Johnson*, 163 F.3d 326, 328–29 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of adjudicative facts gathered from public records made available on the State of Texas Judicial Branch's website. *See* https://search.txcourts.gov/Case.aspx?cn=14-0938&coa+cossup; *see also* Fed. R. Evid. 201.

*Commitment of Kevin Wayne Edwards*, 443 S.W.3d 520, 522 (Tex. App.—Beaumont 2014, pet. denied). On January 9, 2015, the Supreme Court of Texas denied Edwards's petition for review under Tex. R. App. P. 53.1.

On March 4, 2023, Edwards filed a civil-rights complaint form in this Court, seeking relief from the state trial court's judgment and order of civil commitment.[3] Dkt. No. 1. On March 30, 2023, the Court notified Edwards of its intent to construe this action as a Section 2254 habeas petition and instructed him to file an amended petition on the proper form if he agreed with the Court's construction of his claims. Dkt. No. 5. On April 4, 2023, Edwards filed an amended Section 2254 habeas petition on the proper form. Dkt. No. 11. He challenges his civil commitment on four grounds, which are wholly conclusory. Edwards does not provide any factual context for his claims.

## 2.     Discussion

### A.     Statute of Limitations

Edwards's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for filing a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

### B.    Equitable Tolling

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). A mistaken interpretation of the law or lack of knowledge of filing deadlines are not "rare and exceptional circumstances" that justify equitable tolling. *See Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

### 3.    Analysis

Because Edwards does not argue or demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court concludes that Section 2244(d)(1)(A) governs the timeliness of his federal petition. Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A). Direct review includes a petition for writ of certiorari to the Supreme Court of the United States. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002)).

Under the Supreme Court's rules, a party has 90 days to file for certiorari (1) after judgment is entered by the state court of last resort; (2) after entry of the state court's order denying discretionary review; or (3) if a petition for rehearing is filed, after the denial of the rehearing or the subsequent entry of judgment. *See England v. Quarterman*, 242 F. App'x 155, 157 (5th Cir. 2007) (citing Sup. Ct. R. 13.1, 13.3)). Therefore, the time for seeking direct review expires, and the limitation period begins to run, at the conclusion of the 90-day period running from one of these dates. *England*, 242 F. App'x at 157 (citing *Roberts*, 319 F.3d at 694).

As previously noted, the Supreme Court of Texas denied Edwards's petition for review on January 9, 2015. Under Supreme Court Rule 13, Edwards had until April 10, 2015—90 days after entry of the January 9, 2015 order—to file a petition for writ of certiorari. Because Edwards did not do so, the Court concludes that the one-year limitation period began to run on April 10, 2015. Thus, absent any statutory or equitable tolling, Edwards had to file his federal petition one year later, by April 10, 2016. He did not. Edwards filed this habeas action on March 4, 2023 at the earliest, almost seven years after the limitation period expired.

Although Edwards does not explicitly argue that he is entitled to equitable tolling of the limitation period, he states in a conclusory manner that he did not receive any legal aid for his "medical handicap." *See* Dkt. No. 11 at 9. It is unclear what Edwards means. Regardless, even if Edwards pursued his rights diligently, the Court concludes that he has failed to demonstrate that equitable tolling is warranted here. First, public records show that Edwards was represented by counsel at trial, on appeal, and on petition for review before the Supreme Court of Texas. Second, Edwards makes no effort to explain how his unspecified medical handicap prevented him from timely filing his petition. Although Edwards states elsewhere that he is "blind with cataracts and a detached retina," he does not specify when he became blind. *Id.* at 11. Moreover, the fact that Edwards has been able to prepare and mail several pleadings and correspondence to the Court in this case belies his contention that his impaired vision prevented him from timely filing his petition. Moreover, as previously noted, equitable tolling is not

4

warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir*, 956 F.2d at 118–19.

**4.    Conclusion**

For these reasons, the Court concludes that Edwards's 28 U.S.C. § 2254 petition was filed after the applicable one-year limitation period expired and should, therefore, be dismissed.

In addition, the Court concludes that Edwards has failed to show that reasonable jurists would debate whether the Court's procedural ruling was correct and whether he has put forward a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); *see also* 28 U.S.C. § 2253(c).

All relief not expressly granted is denied, and any pending motions are denied.[4]  The Court will enter judgment accordingly.

So ordered.

Dated September 29, 2023.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[4] Edwards filed a pleading titled "Relator's Petition for Writ of Mandamus," which appears to be a standard form used by practitioners in Texas appellate courts. Dkt. No. 26. Although Edwards styles his pleading as seeking mandamus relief, in essence, he seeks the same habeas relief that he seeks in his petition—immediate release from civil commitment. *Id.* at 11; *see* Dkt. No. 11 at 7. Thus, for the reasons already stated, Edward's request for mandamus relief is denied.